# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID TUTTLE,<br>    *Plaintiff*,<br><br>v.<br><br>SCOTT SEMPLE, et al.,<br>    *Defendants*. | No. 3:17-cv-01507 (JAM) |

## INITIAL REVIEW ORDER DISMISSING COMPLAINT
## WITHOUT PREJUDICE TO RE-FILING OF PROPER COMPLAINT(S)

Plaintiff David Tuttle is a prisoner in the custody of the Connecticut Department of Correction. He has filed an amended complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. After initial review, I will dismiss the amended complaint with leave to file a second amended complaint or more than one complaint to the extent that plaintiff wishes to file any complaint against one or more defendants who may be properly joined in one action.

### BACKGROUND

Plaintiff is a Massachusetts-sentenced inmate confined in Connecticut pursuant to the Interstate Corrections Compact. Doc. #12 at 4 (¶1). Plaintiff's complaint includes six counts against different groups of defendants arising from distinct factual allegations. Plaintiff names fourteen defendants: Commissioner Scott Semple, Warden William Faneuff, Director of Security Christine Whidden, District Two Administrator Peter Murphy, District Two Administrator Edward Maldonado, Captain Dougherty, Officer Dousis, Lieutenant Eberle, Captain Robles, Counselor Supervisor Davis, Counselor Magiafico, Officer Johnson, Psychologist Mark Frayne, and Dr. Gerald Gagne.

The first count is a claim for denial of due process in violation of the Fifth and Fourteenth

1

Amendments in connection with a security risk group affiliation hearing held in January 2017 at Corrigan Correctional Institution. *Id.* at 10–19 (¶¶ 22–44). Plaintiff alleges that defendants Dousis, Dougherty, Eberle, Murphy, Maldonado, and Semple violated his due process rights in connection with this security risk affiliation hearing. *Id.* at 32 (¶¶82–83). Plaintiff also mentions defendant Whidden in the fact section of this claim. *Id.* at 16.

Following his classification as a security risk group member, plaintiff was transferred to Northern Correctional Institution. *Id.* at 20–23 (¶¶ 45–57). Plaintiff's second count alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the conditions of confinement and lack of mental health treatment at Northern Correctional Institution. *Id.* at 32–33. Defendants Frayne, Gagne, Faneuff, and Semple are referenced with regard to this claim.

The third and fourth claims are brought under the Rehabilitation Act and Americans with Disabilities Act, respectively. These claims appear to be based on the same factual allegations regarding plaintiff's treatment at Northern Correctional Institution that serve as the basis for count two. *Id.* at 33–35 (referencing the factual allegations in ¶¶45–57). Plaintiff does not specify which defendants he claims violated the Rehabilitation Act or the Americans with Disabilities Act, but it appears that he intends this claim to proceed against the same defendants as in count two, namely, Defendants Frayne, Gagne, Faneuff, and Semple.

The fifth claim alleges denial of access to the courts and retaliation for free speech. *Id.* at 23–28 (¶¶58-72). Plaintiff alleges that he is not provided photocopies, large manila envelopes, Massachusetts legal materials, and sufficient legal phone calls. Defendants Semple, Faneuff, Robles, Magiafico, and Davis are alleged to have denied these items. *Id.* at 34. Additionally,

plaintiff alleges that defendants Magiafico and Davis retaliated against him by taking away his legal papers and denying him access to legal materials.

Plaintiff's sixth claim alleges interference with the prison grievance process and includes a second retaliation claim. *Id.* at 29-32 (¶¶73-80). He identifies defendants Johnson, Semple, Faneuff, and Maldonado as associated with this claim.

## DISCUSSION

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

The complaint fails to comply with the limits on permissive joinder of claims against multiple defendants under Rule 20(a)(2). Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).

Plaintiff's claims, although sequential, are factually and legally distinct. Plaintiff's claims of denial of due process alleged in count one and the challenge to medical or mental health care alleged in count two have no connection with one another. The claims arose at different correctional institutions and, other than high-ranking correctional officials, the defendants involved in these claims are distinct. I therefore conclude that the claims are not properly joined in this action and the complaint does not comply with Rule 20. In such circumstances, a plaintiff is required to file separate lawsuits against each defendant or against each group of defendants who acted in concert with one another or as to whom plaintiff's claims are logically connected to one another.

If a complaint is dismissed for failure to comply with joinder rules, courts generally grant leave to amend the complaint. *See, e.g.*, *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Accordingly, plaintiff is hereby directed to file an amended complaint or multiple complaints each of which comply with Rule 20 of the Federal Rules of Civil Procedure. The amended complaint(s) should include only related claims and shall list only the defendants involved in

those claims in the case caption.

## CONCLUSION

The Court enters the following orders:

(1) Plaintiff shall file his amended complaint within **thirty (30) days** from the date of this order. If he wishes to pursue his other claims, he may do so in separate actions. Each separate action should be limited to naming only defendants who worked with one another to allegedly violate plaintiff's rights or as to whom plaintiff's claims arise from a common core of facts or are otherwise related.

(2) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(3) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

It is so ordered.

Dated at New Haven this 27th day of November, 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge